# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FERDELL HARVEY,**

        Petitioner,

v.                                                                Civil Action No. 1:06cv180
                                                                     (Judge Keeley)

**JOE DRIVER Warden,**

        Respondents.

## OPINION/REPORT AND RECOMMENDATION

The *pro se* petitioner initiated this action on December 19, 2006, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. In the petition, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP"). On March 22, 2007, the respondent filed a Response and Motion to Dismiss. After the issuance of a Roseboro Notice advising the petitioner of his right to file material responsive to the respondent's dispositive motion, the petitioner filed a reply on April 4, 2007. This case is now before the undersigned for report and recommendation pursuant to LR PL P 83.09, et seq.

### I. Claims of the Petition

Although the petitioner's claims are not entirely clear, it appears that the petition raises the following issues for the Court's review:

(1) the BOP failed to supervise the petitioner's parole violation period between 1998 and 2003 by failing to credit the petitioner with good time credit and meritorious good time; and

(2) the BOP failed to credit the petitioner's federal sentence with 21 months spent in federal custody serving administrative detention for assaulting a corrections officer.

## II. Factual Background

From February 17, 1998, through May 29, 2003, the petitioner served a 5382 day parole violation term. While serving that sentence, the petitioner was convicted of assaulting a corrections officer by the United States District Court for District of New Jersey. As a result, on November 8, 2002, the petitioner was sentenced to a 120-month term of imprisonment.

The petitioner was released from his parole violator term on May 29, 2003. Accordingly, the BOP has properly computed the petitioner's federal sentence as starting on that date.[1] In addition, as a federal inmate, the petitioner is eligible to earn 54 days of Good Conduct Time a year. See 18 U.S.C. § 3624(b). Pursuant to his District of Columbia sentence, it was also possible for the petitioner to receive Meritorious Good Time Credit if recommended by a work supervisor. See D.C. Code 24-221.01a.[2] However, no meritorious good time has been applied to the petitioner's federal sentence as none has been recommended by any of his work supervisors. Response, Ex. 1 at ¶ 4.

## III. Analysis

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the

---

[1] The petitioner's federal conviction was ordered to run consecutive to his parole violator term. See Response (dckt. 8), Ex. 1 at ¶ 5.

[2] The petitioner was originally sentenced by the Superior Court of the District of Columbia on May 5, 1981, to a 19 year sentence for robbery, assault with a dangerous weapon, attempted robbery, attempted burglary, and attempted petit larceny. See Response at Ex. 2. The petitioner was paroled from that sentence on August 26, 1992. Id. On January 11, 1994, the Parole Commission issued a violator warrant for numerous parole violations. Id. At the time, the petitioner was in custody in the State of Delaware. Id. Thus, the Commission's warrant was lodged as a detainer. Id. Once the petitioner was released from his Delaware prison term, he was arrested on the parole violator warrant and subsequently sentenced to the 5382 day parole violator term. Id.

responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir. 1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of pre-sentence custody credit, good conduct time, and meritorious good conduct time.

With respect to prior custody credit, the petitioner's federal sentence was imposed after November 1, 1987, therefore, prior custody credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this instance, the petitioner was serving a parole violator sentence from February 17, 1998 through May 29, 2003. All of that time was credited to the petitioner's parole violator term. Response, Ex. 1 at ¶ 7. Thus, that time cannot be credited to the petitioner's federal sentence. To do so would result in an impermissible award of double credit. Therefore, the petitioner is not entitled to the prior custody credit sought in the petition.

With respect to good conduct time, the petitioner is entitled to earn 54 days of good conduct time a year. According to the Public Information Data Sheet provided by the respondent, the petitioner has earned 162 days of GCT thus far. Response, Ex. 1 at Att. 3. The petitioner does not assert that his GCT has been miscalculated or inappropriately taken. Therefore, the petitioner is not entitled to any more GCT than has already been credited to his sentence.

With respect to meritorious good time, section 24-221.01a of the Good Time Credits Act states:

> (a) In the discretion of the Director of the Department of Corrections, a prisoner allowed meritorious good time credit for performing exceptionally meritorious service or performing duties of outstanding importance in connection with institutional operations.
>
> (b) Meritorious good time credits authorized by this section shall be applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory.

The act applies to D.C. Code offenders incarcerated in federal prisons. See <u>Franklin v. Ridley</u>, 635 A.2d 356, 357 (D.C. Cir. App. 1993).

Clearly, Meritorious Good Time Credits are discretionary. And, according to BOP records, not one BOP staff member for whom the petitioner has worked, made any recommendation or submission for Meritorious Good Time Credits on the petitioner's behalf. Therefore, the petitioner is not entitled to an award for such credits.[3]

## IV. Recommendation

Based on the record now before the Court, the undersigned finds that the petitioner's sentence has been properly computed by the BOP. Accordingly, it is recommended that the respondent's Motion to Dismiss (dckt. 8) be **GRANTED** and the petitioner's § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within ten (10) days after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States

---

[3] Because Meritorious Good Time Credits are discretionary, the undersigned also notes that pursuant to <u>Sandin v. Conner</u>, 515 U.S. 472 (1995), there is no liberty interest in such credits.

District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further directed to provide copies of this Opinion/Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE